Miranda-Lopez v New York City Tr. Auth. (2019 NY Slip Op 08135)





Miranda-Lopez v New York City Tr. Auth.


2019 NY Slip Op 08135


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10317 26405/15E

[*1] Adelina Miranda-Lopez, Plaintiff-Respondent,
v
The New York City Transit Authority, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
La Sorsa & Beneventano, White Plains (Robert Gilmore of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 5, 2019, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff alleges that defendants' bus struck her as she operated her motorized wheelchair on the sidewalk. According to plaintiff, the rear of the bus hit her wheelchair causing it to topple over. Although video evidence may be sufficient to demonstrate the absence of a triable issue of fact (see Santana v Metropolitan Transp. Co., 170 AD3d 551 [1st Dept 2019]; Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432 [1st Dept 2018], lv denied 33 NY3d 906 [2019]), the surveillance video submitted by defendants is not dispositive of plaintiff's claims. The video shows the bus in the roadway as it passed plaintiff's wheelchair, which was on the sidewalk. However, the accident itself is not clearly depicted, and the video does not, as defendant argues, irrefutably demonstrate that they were not negligent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK